**CORRECTIONS**

**ENTITLEMENT TO SENTENCE CREDIT FOR TIME SERVED ON PRE-TRIAL HOME DETENTION**

July 22, 1994

*The Honorable Paul H. Weinstein*
*Circuit Court for Montgomery County*
*Sixth Judicial Circuit*

You have requested our opinion whether an inmate in a home detention program in Montgomery County would be entitled to have time served on home detention credited against a sentence of confinement upon conviction.

For the reasons stated below, we conclude that an individual in pre-trial home detention, as opposed to one on home confinement as a condition of pre-trial release, would be entitled to credit for time served against a sentence of confinement upon conviction.

**I**

**Statutory Provision**

Article 27, §638C(a) of the Maryland Code provides, in part, as follows:

> Any person who is convicted and sentenced shall receive credit against the term of a definite or life sentence against the minimum and maximum terms of an indeterminate sentence for all time spent in the custody of any state, county or city jail correctional institution, hospital, mental hospital or other agency as a result of the charge for which sentence is imposed or as a result of the conduct on which the charge is based, and the term of a definite or life sentence or the minimum or maximum terms

of an indeterminate sentence shall be diminished thereby.[1]

Section 638C(a) has dual purposes:  to ensure that a defendant receives as much credit as possible for time spent in custody as is consistent with constitutional and practical considerations, and to avoid inequitable stacking of punishment that could result in actual service of a period of imprisonment longer than the sentence imposed by the trial court.  *Maus v. State*, 311 Md. 85, 101, 532 A.2d 1066 (1987).  *See also Fleeger v. State*, 301 Md. 155, 163-65, 482 A.2d 490 (1984).

## II

### Nature of Home Detention

Generally, home detention is used as a depopulation tool, as well as to reduce the high cost of incarceration.  *See* Article 41, §4-1401(d).  *See also* 76 *Opinions of the Attorney General* 110 (1991). In your letter, you state that the proposed program in Montgomery County, which would act as an alternative to jail, would allow an inmate to live at home while being electronically monitored.  It would also require the inmate to report on a daily basis to the Day Reporting Center, until the pending charges are adjudicated.

In a similar vein, Article 41, §4-1404(c)(9) grants to the Commissioner of Pretrial Detention and Services the authority to establish a home detention program for persons housed in the Baltimore City Detention Center.  Its purposes and attributes mirror those of other home detention programs, pre-trial or post-conviction:

> The home detention program ... provides an alternative to the incarceration of select pretrial inmates charged with the commission of a nonviolent crimes while awaiting trial. Through electronic supervision, these inmates will be supervised and monitored while housed in approved residences with directed

---

[1] Article 27, §638C(a) also addresses credit based on "time spent in custody" before trial on other charges.

and controlled community access for purposes
of treatment, counseling, and employment.
The program reduces the high cost of
incarceration and prison construction and is in
the best interest of public safety for the people
of Maryland.

COMAR 12.16.01.01. Under the Baltimore City program, an inmate
may volunteer to be considered for placement in home detention if
he or she meets certain regulatory criteria. COMAR 12.16.01.04A.
The pretrial services staff screen for home detention placement all
inmates detained at the Baltimore City Detention Center and may
recommend an eligible inmate for home detention placement.
COMAR 12.16.01.05B and C. The Commissioner has the final
authority to approve an inmate for home detention placement.
COMAR 12.16.01.05F. If approved, the inmate must sign an
acknowledgment that the inmate has received an explanation of the
program rules, COMAR 12.16.01.05L, agrees to them before home
detention placement, COMAR 12.16.01.09A, and is in possession of
program equipment, COMAR 12.16.01.05M.

The rules to which the inmate must adhere reflect a significant
degree of supervision. For example, the inmate must "submit to
search of the inmate's person, vehicle, and residence, to determine
if the inmate is in violation of program rules," "admit program staff
to the home, on demand," and "permit the installation of electronic
supervision equipment on the inmate's telephone line or person as
program staff may direct." COMAR 12.16.01.09C(4), (5), and (17).

Mere supervision, however, does not constitute "custody" for
purposes of §638C(a). *Balderston v. State*, 93 Md. App. 364, 368,
612 A.2d 335 (1992), *quoting Maus*, 311 Md. at 101. Whether an
inmate placed in home confinement is in "custody" for purposes of
§638C(a) and hence entitled to credit for time served depends upon
the circumstances under which the inmate is placed in home
confinement.

## III

### Analysis

In *Balderston*, the Court of Special Appeals held that voluntary
home confinement, undertaken as a condition of probation, did not

constitute "custody" for purposes of sentencing credit under Article 27, §638C(a), where the defendant requested that he be permitted to participate in the home detention program and had to agree as a condition of probation. 93 Md. App. at 370. In so holding, the Court of Special Appeals noted the Court of Appeals' construction of "custody," as that term is used in Article 27, §638C(a), as "incarcerative custody, not mere supervision. That is, 'custody had to be *involuntary* and pursuant to a court commitment to a public institution.'" 93 Md. App. at 368 (quoting *Maus*, 311 Md. at 101) (emphasis added, citations omitted).[2]

An individual on probation, like the defendant in *Balderston*, is free of custodial restraint. As long as there is compliance with the conditions of probation, an official may not place the probationer in custody. If there is an alleged violation, the court will issue an arrest warrant so that the probationer may be detained for a violation of probation hearing. In other words, the court must cause the probationer to be placed in the custody and control of a corrections official. Moreover, if the probationer violates a condition of probation and is ordered to serve the remainder of the originally imposed sentence, he or she is not entitled to receive credit under §638C(a) for time spent on probation, because the probationer is merely supervised. *Maus*, 311 Md. at 101 (no credit for mere supervision). *See also Songer v. State,* 327 Md. 42, 607 A.2d 557 (1992) (condition of probation distinguishable from original sentence).

In the pre-trial setting, a defendant who is released on his or her own recognizance or is granted bail, like a probationer, is free of custodial restraint. An official may not place a defendant who is on pre-trial release in custody, unless the defendant violates a condition of release by failing to appear in court to answer to the charge, departing from the State without leave of court, or failing to comply with other reasonable conditions that the court may impose. Upon such a violation, the court will issue a bench warrant. While a defendant on pre-trial release is subject to certain conditions, and "[u]ndoubtedly such restrictions infringe upon the defendant's

---

[2] In *Maus*, the Court of Appeals reviewed the legislative history of §638C(a) and attached significance to the fact the original wording of the provision was "time spent under the supervision or under the custody of" a jailor. The phrase "under the supervision or" was amended out of the bill. 311 Md. at 101.

liberty interest, ... the infringement does not constitute detention." *United States v. Wickman*, 955 F.2d 592, 595 (8th Cir. 1992) (Lay, C.J., dissenting).

In sum, a defendant released on recognizance or on bond is merely under supervision and would not be entitled to receive credit for purposes of sentencing. *See, e.g., United States v. Becak,* 954 F.2d 386 (6th Cir.), *cert. denied*, 112 S.Ct. 2286 (1992) (defendant's release on bond subject to restrictive conditions that he reside at mother's home, maintain employment, and have a curfew did not rise to the level of "official detention" for purposes of credit toward service of term of imprisonment); *People v. Bridgman*, 279 Cal. Rptr. 101 (Ct. App. 1991) (defendant who was placed in home detention on her own recognizance was not in custody within meaning of statute entitling defendant to presentence credit for time spent in custody); *People v. Ramos*, 561 N.E.2d 643 (Ill. 1990) (defendant released on bond was not entitled to credit regardless of the restrictions that might be imposed upon him during that time; *State v. Pettis*, 441 N.W.2d 247 (Wis. 1987) (defendant was not in "custody" during time spent under home detention as a condition of bail so as to entitle defendant to sentence credit for such time).

In our view, however, when a defendant is not released, but instead is placed in the custody of the jailor until the charges are adjudicated, and *the jailor* chooses to place the offender in home confinement, the offender is in "custody" for purposes of §638C(a) and may receive credit for time served on home detention.

Assuredly, there are some elements in common with the defendant who is released on condition of home confinement. A defendant remanded to the custody of the jailor and placed on home detention has a choice to reject the rules of home detention, albeit at the risk of continued detention in jail or prison. In that sense, the defendant's decision to accept the restrictions associated with home detention is voluntary. *Maus*, 311 Md. at 104 ("While accepting of the stringent conditions ... may pose a hard choice, it is a choice nevertheless").

Nevertheless, the legal situation is quite different. Once a defendant is placed in the custody of the jailor by a pre-trial detention order, the location of the defendant is controlled by the jailor, not the defendant. *See Maus,* 311 Md. at 101; *Balderson*, 93 Md. App. at 369 (credit under §638C(a) requires that punishment be

involuntary and pursuant to a court order to a public institution).[3]  In addition, if the defendant violates one of the conditions of home detention, *e.g.,* removes the monitoring device, the jailor may revoke participation in the program and the defendant is transferred to jail. No judicial action is necessary to bring the defendant under the custody and control of an official, because the offender is *already* under the legal control of the jailor.

An individual on pre-trial home detention is similar to an inmate on post-conviction home detention.  An inmate on post-conviction home detention is in the custody of the Division of Corrections pursuant to a court order, and, upon violation of a condition of home detention, may be remanded to prison without further action by the court.  *See* Article 27, §689A.

Comparably, in our view, an individual on pre-trial home detention, as distinct from one on home confinement as a condition of pre-trial release, is entitled to credit for time served, because that individual continues to be in the custody of the jailor.  *See Tal-Mason v. State*, 515 So. 2d 738 (Fla. 1987) (credit proper where defendant not released, but ordered by court to be committed to state mental hospital); *State v. Speaks*, 119 Wash. 2d 204, 829 P.2d 1096 (1992) (defendant was entitled to credit, where defendant was not released, but placed on home detention pursuant to court order and where statute provides credit for all "confinement time" and explicitly includes home detention in definition of "confinement").

To be sure, it is more enjoyable to have freedom of movement and association within one's home than it is to be in jail or a jail-type setting.  What is more, the level of custody exercised by an official is substantially less for an individual on home detention than that of a individual in jail.  But custodial circumstances are often a matter of degree.  The determinative factor is not that the defendant is allowed to escape the regimentation of penal institutions and enjoy comparative freedom of activity, movement, or association, but that

---

[3] In 76 *Opinions of the Attorney General* 110, 113 (1991), we observed that a person on home detention is incarcerated "in a local detention center" in the sense that the prisoner's home can be said to be an extension of the local detention center.  Thus, a person on home detention is sentenced to a "public institution."

the defendant has been remanded to the custody of the jailor and is subject to the jailor's immediate control.[4]

## IV

## Conclusion

In summary, it is our opinion that a defendant who is placed in pre-trial home detention, as opposed to one who is confined at home as a condition of pre-trial release, would be entitled to credit under Article 27, §638C(a) for time served against a sentence of confinement upon conviction.

J. Joseph Curran, Jr.
*Attorney General*

Kimberly Smith Ward
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

*Editor's Note:*

In *Dedo v. State*, 343 Md. 2 (1996), the Court of Appeals, citing this opinion, reached the same conclusion about the application of the credit statute to home detention.

---

[4] In 76 *Opinions of the Attorney General* 110, we concluded that local jurisdictions were entitled to reimbursement for inmates who are in home detention programs under Article 27, §690, because "[t]hose whose liberty is physically restrained, even if the restraint takes place outside of the institution itself, are 'incarcerated.'"